UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Wesley Blakeney, | ) C/A No. 5:14-cv-3153-DCN-KDW |
| Petitioner, | ) ) ) |
| vs. | ) REPORT AND RECOMMENDATION ) |
| Federal Bureau of Prisons, | ) ) |
| Respondent. | ) ) ) |

Wesley Blakeney ("Petitioner"), a self-represented prisoner currently confined at Federal Correctional Institution—Manchester, in Kentucky, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 in the United States District Court for the Eastern District of Virginia when he was confined at a different federal prison in that district. Following service and initial review of the Petition, the Eastern District of Virginia transferred the Petition to this court for further consideration by Order dated August 5, 2014. ECF No. 10. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.).

I.      Factual and Procedural Background

On July 6, 2009, Petitioner pleaded guilty in this court. *United States v. Blakeney*, No. 4:09-cr-229-RBH-6 (ECF Nos. 161, 165). He was convicted of conspiracy to distribute cocaine and cocaine base, in violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(A), and was sentenced as a career offender under the sentencing guidelines to 140 months in prison on November 20, 2009. No. 4:09-cr-229-RBH-6 (ECF No. 239). Following the conclusion of this court's consideration of several post-sentencing motions seeking a reduction of the sentence, Petitioner filed an appeal from the court's denial of his motions. *Id.* at ECF No. 416. The Fourth Circuit Court of Appeals ("Fourth Circuit") affirmed this court's post-sentencing rulings on September

30, 2013. *United States v. Blakeney*, 540 F. App'x 219 (4th Cir. 2013). The Fourth Circuit's mandate issued on November 12, 2013. No. 4:09-cr-229-RBH-6 (ECF No. 431). As noted by the Eastern District of Virginia in its transfer Order in the present case, Petitioner did not file a motion in his criminal case pursuant to 28 U.S.C. § 2255 before filing the § 2241 Petition under review. ECF No. 10 at 5.

Petitioner brings this § 2241 Petition seeking to vacate his sentence based on a claim that he is "actually innocent" of the sentencing guidelines career-offender enhancement. Pet. 6-7, ECF No. 1. Petitioner contends that his South Carolina state conviction for assault and battery of a high and aggravated nature ("ABHAN") was improperly used to enhance his sentence in light of the opinion of the United States Supreme Court in *Descamps v. United States*, 133 S. Ct. 2276 (2012). The *Descamps* decision was rendered three years after Plaintiff's sentencing, but before Petitioner filed a post-sentencing pro se Motion for Reduction of Sentence under 18 U.S.C. § 3582, which was docketed by this court on May 10, 2013. No. 4:09-cr-229-RBH-6 (ECF No. 394). Petitioner asks that the career-offender enhancement be removed from his sentence, Pet. 13, ECF No. 1, and contends that the § 2255 remedy is inadequate and ineffective to afford him the relief he requests "due to a plea agreement waving [sic] a right to file a 2255 for relief." *Id*. at 11. However, review of the executed plea agreement filed in his criminal case on July 6, 2009 discloses that paragraph 13 concerning waiver of the right to file a § 2255 motion is struck through and crossed out, No. 4:09-cr-229-RBH-6 (ECF No.152 at 6-7), indicating that no valid waiver of the § 2255 motion was included in the final agreement as executed.[1] *See Colonial*

---

[1] The docket of Petitioner's criminal case contains a document showing that Petitioner waived his right to *appeal the final judgment* on November 6, 2009. No. 4:09-cr-229-RBH-6 (ECF No. 214). There is no reference in that document to any waiver of the right to file a § 2255 motion.

*Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("'[t]he most frequent use of judicial notice of ascertainable facts is in noticing the content of court records.'").

II.     Standard of Review

Under established local procedure in this judicial district, a careful review was made of the pro se Petition filed in this case. The review was conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Anti-Terrorism and Effective Death Penalty Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden*, *Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

This court is required to construe pro se petitions liberally. Such pro se petitions are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89 (2007). When a federal court is evaluating a pro se petition the petitioner's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F. 3d 630, 630 n.1 (4th Cir. 2003). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

Furthermore, this court is charged with screening Petitioner's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of Rules Governing Section 2254 Cases in the United States

3

District Courts; *see* Rule 1(b) of Rules Governing Section 2254 Cases in the United States District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254). Following the required initial review, it is recommended that the Petition submitted in this case be recharacterized.

III.     Analysis

Because Petitioner filed this action pursuant to 28 U.S.C. § 2241 seeking to invoke the so-called "savings clause" of § 2255, and because Petitioner's challenged enhanced sentence was issued by this court, the § 2241 Petition was properly transferred to this court for consideration. *See* 28 U.S.C. § 1404(a). The threshold question for the court to determine is whether Petitioner's claims are encompassed by the § 2255 savings clause. Chapter 153 of Title 28 of the United States Code provides a statutory framework for federal post-conviction relief from judgments of conviction. Under this framework, those convicted in federal court are required to bring collateral attacks challenging the validity of their judgment and sentence by proceeding under 28 U.S.C. § 2255:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). However, a petition under § 2241 is available for a federal prisoner to collaterally attack his conviction and sentence when a motion under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); *see also Swain v. Pressley*, 430 U.S. 372, 381 (1977). The Fourth Circuit has held that "§ 2255 is not inadequate or

4

ineffective merely because an individual is unable to obtain relief under that provision. A contrary rule would effectively nullify the gatekeeping provisions." *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000). Nonetheless, the Fourth Circuit concluded, "there must exist some circumstance in which resort to § 2241 would be permissible; otherwise, the savings clause itself would be meaningless." *Id.* In one scenario the Fourth Circuit has deemed "§ 2255 inadequate and ineffective to test the legality of a conviction,"

> when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal *and first § 2255 motion*, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*Jones*, 226 F.3d at 333-34 (emphasis added). Petitioner cannot meet this criteria because he has not yet filed his first § 2255 motion. Some federal courts appear to require a prisoner in federal custody to first proceed with a § 2255 motion before attempting to satisfy the savings clause that would allow a § 2241 petition to be filed at a later date. *See Hernandez v. Drew*, No. 09-13292, 2010 WL 1337710 (11th Cir. Apr. 7, 2010) (noting that a prisoner may not circumvent the requirements for filing a § 2255 motion merely by filing a § 2241 petition).

Petitioner's argument that his situation meets the savings clause because he allegedly waived his right to file such motion, Pet. 11, ECF No. 1, appears to be untrue following review of his plea agreement docketed in his criminal case. *See* No. 4:09-cr-229-RBH-6 (ECF No. 152 at 6-7). Additionally, had Petitioner attempted to come within the savings clause by asserting that any § 2255 motion would be time-barred, such assertion would not be well taken as § 2255 untimeliness is not an appropriate ground to invoke the savings clause. *See Bowens v. Warden,* No. 8:10-38-RBH, 2010 WL 1493108 (D.S.C. Apr. 13, 2010) (rejecting the argument that § 2255

is inadequate or ineffective when a § 2255 would be time-barred by the statute of limitations); *Joseph v. Wells*, No. CV 308-050, 2009 WL 256006 (S.D. Ga. Feb. 3, 2009) (noting that "the mere fact that relief under § 2255 is time-barred is not alone sufficient to make § 2241 an available remedy"); *see also Holland v. Florida*, 560 U.S. 631, 645 (2010) (holding that the AEDPA one-year limitation period is subject to equitable tolling in appropriate cases). In other words, the fact that Petitioner believes that a § 2255 motion will be unsuccessful if he files such a motion should not entitle Petitioner to invoke the savings clause. Because Petitioner's claims do not appear to come within the savings clause at this time, this action is not cognizable pursuant to § 2241.[2] Instead of proceeding under § 2241, Petitioner should be required to file an initial § 2255 motion in the sentencing court, which is this district court.

In this case, this undersigned believes that it is in the interest of justice to re-characterize this § 2241 Petition as a § 2255 motion "to vacate, set aside, or correct the sentence." 28 U.S.C. § 2255(a); *see Castro v. United States*, 540 U.S. 375, 381 (2003) ("Federal courts sometimes will ignore the legal label that a pro se litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category... to avoid an unnecessary dismissal . . . ."). This court is the sentencing court, so no transfer is necessary. Also, because it appears that Petitioner might have missed the AEDPA one-year statute of limitations,[3] it is appropriate to re-characterize the Petition rather than dismiss it without prejudice because the time clock would be running. If

---

[2] *See, e.g., United States v. Poole*, 531 F.3d 263, 267 (4th Cir. 2008); *United States v. Pettiford*, 612 F.3d 270, 284 (4th Cir. 2010) ("actual innocence applies in the context of habitual offender provisions only where the challenge to eligibility stems from factual innocence of the predicate crimes, and not from the legal classification of the predicate crimes."); *Farrow v. Revell,* 541 F. App'x 327 (4th Cir. 2013) (concluding the petitioner's challenge to his armed career criminal status was not cognizable in a § 2241 petition, and the petitioner only could proceed, pursuant to § 2241, with his claim alleging actual innocence of being a felon in possession of a firearm).

the Petition under review is re-characterized as a § 2255 motion, Petitioner is hereby informed that any subsequent § 2255 motion will be subject to the restrictions on successive or second § 2255 motions.[4] If this court decides to re-characterize the Petition as a § 2255 motion, it should provide the proper notice and opportunity to respond as required by *United States v. Castro*, 540 U.S. 375 (2003). *See United States v. Blackstock*, 513 F.3d 128 (4th Cir. 2008).

IV.   Recommendation

Accordingly, it is recommended that the district court re-characterize this § 2241 Petition, with all attachments, as a § 2255 motion to be filed in *United States v. Blakeley*, No. 4:09-cr-229-RBH-6.

It is also recommended that the district court provide Petitioner with the proper notice and opportunity to respond to the recommended re-characterization as required by *United States v. Castro*, 540 U.S. 375 (2003).

It is further recommended that the district court direct the Clerk of Court to open a § 2255 action and to close this § 2241 action. *See Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972).

IT IS SO RECOMMENDED.

---

[3] The undersigned does not express any opinion on whether, if Petitioner had filed a § 2255 petition, it would be time-barred.

[4] Before a petitioner may litigate a second § 2255 motion, the "second or successive motion must be certified as provided in § 2244 by a panel of the appropriate court of appeals to contain – (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255; *see also* 28 U.S.C. § 2244 (regarding the finality of determination).

August 13, 2014 Kaymani D. West
Florence, South Carolina United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).